UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cr-00249-JPH-MJD |
| | ) | |
| DJAMALOU OUSSEINI, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER**

The government has filed a motion in limine requesting a ruling that, if Mr. Ousseini testifies at trial, it may impeach him with his prior expunged conviction for domestic battery. Dkt. 49 at 10–13[1]. Mr. Ousseini opposes the motion, arguing that the conviction "is approximately 20 years old, has been expunged, is not related to a crime of dishonesty, and the prejudicial effect outweighs any potential probative value." Dkt. 52 at 1.

Federal Rule of Evidence 609 provides the "rules [that] apply to attacking a witness's character for truthfulness by evidence of a criminal conviction." Fed. R. Evid. 609(a). Here, because "more than 10 years have passed" since Mr. Ousseini's conviction, "[e]vidence of the conviction is admissible only if . . . its probative value substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). "Rule 609(b) is not an absolute bar to the admission of a prior conviction that is more than ten years old; it is, instead, an asymmetrical

---

[1] The government also filed six other motions in limine, dkt. 40, which were unopposed and the Court granted at the final pretrial conference, dkt. 58.

1

balancing test, one that requires the probative value of a prior conviction to *substantially* outweigh the prejudice caused by its admission into evidence." *United States v. Rogers*, 542 F.3d 197, 201 (7th Cir. 2008).

"Such convictions, [the Seventh Circuit has] emphasized, should be admitted only in rare and exceptional circumstances." *Narkiewicz–Laine v. Doyle*, 930 F.3d 897, 902 (7th Cir. 2019). The Seventh Circuit has "articulated a five-part test to guide the district court in the exercise of its discretion" under Rule 609:

1) the impeachment value of the prior crime;
2) the point in time of the conviction and the witness' subsequent history;
3) similarity between the past crime and the charged crime;
4) the importance of the defendant's testimony; and
5) the centrality of the credibility issue.

*United States v. Montgomery*, 390 F.3d 1013, 1015 (7th Cir. 2004); *see Narkiewicz–Laine*, 930 F.3d at 902.

Here, the government concedes that the first two factors, the impeachment value of the prior crime and passage of time, both "favor exclusion." Dkt. 49 at 12; *see Montgomery*, 309 F.3d at 1015 (impeachment value is relatively low when the conviction did not involve untruthfulness); *United States v. Carr*, 695 Fed. App'x 953, 956 (7th Cir. 2017) ("Nor is a conviction for attempted murder particularly relevant to a witness's penchant for honesty.").

For the third factor, unlawfully possessing a firearm and domestic battery are not similar, so the prior conviction does not show an increased risk of prejudice. *See United States v. Rein*, 848 F.2d 777, 783 (7th Cir. 1988) ("The

2

danger of admitting evidence of a defendant's prior conviction for a similar offense is that the jury will regard past convictions of similar crimes as evidence of bad character[,] a willingness to commit the crime charged[,] or that a jury will conclude that the defendant does not really deserve the presumption of innocence.").

For the final two factors, if Mr. Ousseini chooses to testify, his testimony and its credibility would be important to the issues the jury must decide. *See United States v. Gant*, 396 F.3d 906, 909 (7th Cir. 2005); *Montgomery*, 390 F.3d at 1016. But with little relevance to the prior conviction—as the government concedes—its probative value does not "substantially outweigh[ ]" its prejudicial effect as required for admission under Rule 609(b). And the government "points to no exceptional circumstances that would merit departing from the usual rule" that a prior conviction is admissible under Rule 609(b) "only in rare and exceptional circumstances." *Carr*, 695 Fed. App'x at 956.

The government's motion in limine is therefore **DENIED**. Dkt. [49]. If Mr. Ousseini testifies at trial, the government may not impeach him with his prior expunged domestic battery conviction.

The government also "request[s] leave to re-open" this issue if Mr. Ousseini testifies and opens the door to evidence of the prior conviction by, for example, testifying "that he has been a law-abiding person since arriving in the United States." Dkt. 49 at 12–13. As with all orders in limine, this ruling is preliminary and "subject to change when the case unfolds." *Luce v. United States*, 469 U.S. 38, 41 (1984). No party shall reference or attempt to elicit

evidence that has been provisionally excluded by this order without first seeking permission from the Court outside the presence of the jury.  The parties must raise reasonably foreseeable evidentiary issues in advance outside the presence of the jury—generally before or after the trial day, over lunch, or at a break.

**SO ORDERED.**

Date: 8/12/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel